O’Donnell, J.,
concurring in judgment.
{¶ 68} In this case, the majority opens the door to allow prosecutors the opportunity to conduct mental examinations of defendants who allege battered woman’s syndrome in connection with the defense of self-defense without the statutory authority to do so. I do not agree that when a defendant asserts battered woman’s syndrome as an element of self-defense in a criminal case, a court should order that defendant to submit to a state-requested psychiatric examination, particularly in circumstances as presented here, where the state psychiatrist not only probed whether the defendant suffered from battered woman’s syndrome, but testified to facts obtained during the mental examination that aided and supported the state’s case. Thus, while I agree with the majority that Megan Goffs Fifth Amendment rights were violated when the trial court permitted the state’s expert to testify essentially like an agent of the state, I cannot join the majority, because in my view, the trial court erred in ordering Goff to submit to the state psychiatric examination.
{¶ 69} The General Assembly has provided guidance with respect to the use of expert witnesses in cases in which the issue of battered woman’s syndrome is raised by a defendant. R.C. 2901.06 permits a defendant to “introduce expert testimony of the ‘battered woman syndrome’ and expert testimony that the person suffered from that syndrome as evidence to establish the requisite belief of an imminent danger of death or great bodily harm that is necessary, as an *185 element of the affirmative defense [of self-defense], to justify the person’s use of the force in question.”
{¶ 70} Similarly, R.C. 2945.392 permits a defendant to introduce expert testimony of battered woman’s syndrome if she enters a plea to the charge of not guilty by reason of insanity in order “to establish the requisite impairment of the defendant’s reason, at the time of the commission of the offense.”
{¶ 71} Thus, the General Assembly has authorized a defendant to offer expert testimony in connection with battered woman’s syndrome both in a self-defense context and when a defendant enters a plea of not guilty by reason of insanity. Moreover, as recognized by the majority, this court has sanctioned the use of battered woman’s syndrome to prove an element of the defense of self-defense. State v. Koss (1990), 49 Ohio St.3d 213, 551 N.E.2d 970, paragraph three of the syllabus. In Koss, this court determined: “Admission of expert testimony regarding the battered woman syndrome does not establish a new defense or justification. It is to assist the trier of fact to determine whether the defendant acted out of an honest belief that she is in imminent danger of death or great bodily harm and that the use of such force was her only means of escape.” Id.
{¶ 72} Furthermore, in R.C. 2945.371(A), the General Assembly has authorized the court to order an evaluation in the context of competency or an insanity defense. However, notably absent from the statute is any authorization for the prosecutor to ask the court to order a mental examination of a defendant in the context of a claim of battered woman’s syndrome in connection with the defense of self-defense.
{¶ 73} Accordingly, the General Assembly could have provided for court ordered state-requested mental examinations in all cases where evidence of battered woman’s syndrome is presented by a defendant, but it chose not do so. Instead, in R.C. 2901.06, it provided that a defendant may introduce expert testimony of battered woman’s syndrome as evidence to establish the requisite belief of an imminent danger of death or great bodily harm as a necessary element of the affirmative defense of self-defense, but it declined to specify that the prosecutor may request or that a court may order a mental examination of the defendant in such circumstances. Thus, the only expressly authorized examination of a defendant arises in situations involving competency or the defense of not guilty by reason of insanity. In my view, the omission of the opportunity for a prosecutor to seek an examination of a defendant asserting battered woman’s syndrome as part of the affirmative defense of self-defense in R.C. 2945.371 indicates legislative intent to limit mental examinations involving battered woman’s syndrome to circumstances involving competency or an insanity defense.
*186 J.B. Collier Jr., Lawrence County Prosecuting Attorney, and Robert C. Anderson, Assistant Prosecuting Attorney, for appellee.
Kravitz, Brown & Dortch, L.L.C., Paula Brown, William Bluth, and Richard Parsons, for appellant.
Timothy Young, Ohio Public Defender, and Kristopher A. Haines, Assistant Public Defender, urging reversal for amicus curiae Ohio Public Defender.
Andrew Stevenson, urging reversal for amicus curiae Ohio Association of Criminal Defense Lawyers.
Mellissia Fuhrmann, urging reversal for amicus curiae Justice League of Ohio.
Lorie McCaughan, urging reversal for amicus curiae Capital University Family Advocacy Clinic.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and Matthew A. Kanai, Assistant Solicitor, urging affirmance for amicus curiae Ohio Attorney General.
{¶ 74} Thus, the state should be precluded from obtaining a mental examination in this case because the General Assembly has not authorized such an exam to be conducted. As Goff did not raise an insanity defense or issues relating to her competency to stand trial, the trial court improperly ordered her to submit to a mental examination merely because she asserted battered woman’s syndrome in connection with her defense of self-defense. Accordingly, I concur in the judgment to reverse, but for different reasons.